STATE OF INDIANA ) IN THE ST. JOSEPH SUPERIOR/CIRCUIT COURT
) SS: MISHAWAKA DIVISION
ST. JOSEPH COUNTY ) CAUSE NO.: 71C01-1603-CT-166

MIRIAM CAVENDER, )
500 Lincoln Way East )
Mishawaka, Indiana 46544 )
)
    Plaintiff, )
)
v. )
)
MEDTRONIC, INC. )
to be served by Registered Agent: )
CT Corporation System )
150 West Market Street, Suite: 800 )
Indianapolis, Indiana 46204 )
)
    Defendant. )

## COMPLAINT FOR DAMAGES

### COUNT I

Comes now the Plaintiff, Miriam Cavender and for her claim for relief states the following:

1. At all times relevant herein, the Defendant, Medtronic, Inc., was engaged in the business of designing, manufacturing and marketing defibrillators to the general public.

2. The Defendant, Medtronic, Inc., manufactured, designed and placed in the stream of commerce an implant-able Viva XT CRT-D Defibrillator (herein referred to as "product") which reached the Plaintiff, Miriam Cavender, in the same or substantially same condition as it was sold.

3. The Defendant, Medtronic, Inc., owed to the Plaintiff, Miriam Cavender, a duty of reasonable care when they designed, manufactured and marketed the product in question.

4. On or about the 16th day of March, 2015 the said product was implanted into the Plaintiff, Miriam Cavender for medical purposes. The implant-able Viva XT CRT-D Defibrillator malfunctioned causing the Plaintiff, Miriam Cavender to become severally injured as a direct and proximate result of the defective product and hazardous condition of said product.

5. At all times pertinent herein, the Defendant, Medtronic, Inc., put into the stream of commerce a defective product and the Defendant represented the product to be safe and fit for the use and purpose intended. The Defendant, Medtronic, Inc., breached said duty to the Plaintiff, Miriam Cavender, in the following respects:

   a. The Defendant, Medtronic, Inc., put into the stream of commerce a product, which as a result of the defective product and failure to include proper warnings of it's dangerous proclivities, was inherently and unreasonably dangerous to those individuals, particularly to the Plaintiff, Miriam Cavender, who might use said product in a normal expected fashion as such, and particularly that it created an extremely extra hazardous and unreasonably dangerous condition.

   b. The Defendant, Medtronic, Inc., expressly and impliedly warranted that said product, which they placed into the stream of commerce, was safe, not inherently dangerous, and fit for the proper uses and purposes intended for it, and thus the Defendant, breached those express and implied warranties, including a warranty of fitness of use, resulting in serious and permanent injuries to the Plaintiff, Miriam Cavender.

6. The Defendant, Medtronic, Inc., is strictly liable to the Plaintiff, Miriam Cavender, for designing, manufacturing and placing into the stream of commerce the said implant-able defibrillator which was unreasonably dangerous for its reasonably foreseeable uses.

7. The product in question was defectively marketed by said Defendant, with respect to its failure to warn or adequately warn or instruct in the safe use of said implant-able defibrillator. Such defect was producing cause of the occurrence in question. The Defendant, knew or in the exercise of ordinary care, should have known that the implant-able defibrillator was defective and was reasonably dangerous to those persons likely to use the product for purposes in the manner for which it was intended to be used.

8. As a direct and proximate result of the strict liability, breach of duties of the Defendant, Medtronic, Inc., including but not limited to strict liability and breach of warranty owed to the Plaintiff, Miriam Cavender, she sustained personal injuries the effects of which may be permanent and lasting, has incurred hospital, doctor and medical expenses and may continue to incur hospital, doctor and medical expenses in the future, has incurred pain and suffering and may continue to incur pain and suffering in the future, all of which damages are in an amount yet uncertain.

## COUNT II

Comes now the Plaintiff, Miriam Cavender and for her second claim for relief states the following:

1. She realleges paragraphs 1 and including 8 of Count I of this Complaint for Damages and incorporates them herein.

2. The Defendant, Medtronic, Inc., knew or in the exercise of reasonable care should have known, that the product was defective and that said defective product could cause serious and permanent injury to individuals using said product.

3. As a direct and proximate result of the negligence and breach of duties of the Defendant, Medtronic, Inc., including but not limited to negligence, the Plaintiff, Miriam Cavender, sustained personal injuries the effects of which may be permanent and lasting, has incurred hospital, doctor and medical expenses and may continue to incur hospital, doctor and medical expenses in the future, has incurred pain and suffering and may continue to incur pain and suffering in the future, all of which damages are in an amount yet uncertain.

WHEREFORE, the Plaintiff, Miriam Cavender, demands judgment against the Defendant, in an amount adequate to compensate her for her injuries, for the costs of this action and for all other just and proper relief.

_____
Jeffrey J. Stesiak (16876-46)
Attorney for the Plaintiff
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870

## JURY DEMAND

The Plaintiff, by counsel demands a Trial by Jury.

_____
Jeffrey J. Stesiak (16876-46)
Attorney for the Plaintiff
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870

# Appendix B to Local General and Administrative Rules,

## 100 Series

### NOTICE OF INTENT TO DESTROY
### CIVIL CAUSE OF ACTION

Pursuant to Local Rule112 of the St. Joseph County Courts ("Rule"), all models, diagrams, documents, or material admitted in evidence or pertaining to this case that has been or will be placed in the custody of the court reporter as exhibits must be taken away by the parties offering them in evidence, *four (4) months* after the case is decided unless an appeal is taken. If an appeal is taken, all such exhibits must be retained by the court reporter for *two (2) years* from termination of the appeal, retrial, or subsequent appeal and termination, whichever is latest. These time periods may be altered by Court order.

Evidence which is not retaken after expiration of the applicable retention period, above, will be disposed of by the Sheriff, or his agent, on the Court's Order.

Notwithstanding any provision of the Rule or this Notice to the contrary, the Judge of the St. Joseph Circuit Court, the Judge of the St. Joseph Probate Court, and the Chief Judge of the St. Joseph Superior Court shall have the authority to order the destruction of any evidence that is compromised by age, damage, lack of case identifiers or inadvertent destruction.